**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Billy L. LIGHTLE, Defendant-Appellant.**

**No. 82–2477.**

United States Court of Appeals,
Tenth Circuit.

Feb. 29, 1984.

Oklahoma City, Okl., for defendant-appellant.

Susie Pritchett, Asst. U.S. Atty., Oklahoma City, Okl. (William S. Price, U.S. Atty., and James D. Bednar, Asst. U.S. Atty., Oklahoma City, Okl., on brief), for plaintiff-appellee.

Before McWILLIAMS and LOGAN, Circuit Judges, and COOK, District Judge.*

LOGAN, Circuit Judge.

Defendant Billy L. Lightle, a former county commissioner in Kingfisher County, Oklahoma, appeals his conviction on forty-four counts of mail fraud, in violation of 18 U.S.C. § 1341, three counts of extortion, in violation of 18 U.S.C. § 1951, and four counts of submitting false tax returns, in violation of 26 U.S.C. § 7206(1). Defendant's assertions on appeal are that (1) the trial court erred in denying defendant's motion for acquittal because the mailings of county warrants were insufficiently related to the alleged scheme to defraud to provide the nexus for mail fraud convictions; (2) the trial court should have granted defendant's motion for change of venue because of excessive pretrial publicity; (3) the trial court should have granted defendant's motion in limine to suppress certain testimony and evidence of crimes not charged; and (4) the trial court erred in allowing the introduction of evidence concerning the illegal activities of two other Kingfisher County commissioners. We affirm.

Lightle's indictment resulted from a three-year investigation of corrupt practices of Oklahoma county commissioners. Lightle was charged with devising a scheme to defraud the citizens of Kingfisher County by depriving them of their right to have county business conducted free from corruption and undue influence. Specifically, Lightle was convicted for receiving kickbacks in return for placing orders for road and bridge building materials and supplies with certain vendors.

Robert K. McCune of Stipe, Gossett, Stipe, Harper, Estes, McCune & Parks,

---

* Honorable H. Dale Cook, Chief United States District Judge for the District of Oklahoma, sitting by designation.

## I

■ Lightle argues that the trial court should have granted his motion for acquittal at the conclusion of the evidence because the government failed to show that the mailings in this case were in furtherance of a scheme to defraud. Lightle contends that although the evidence tended to show he had schemed to defraud the county by accepting bribes or kickbacks, he did not use the mails "for the purpose of executing the scheme" as the federal statute requires. Lightle also contends that since the county was compelled to mail warrants to pay for materials and supplies, the mailings fall outside the scope of the mail fraud statute under *Parr v. United States,* 363 U.S. 370, 80 S.Ct. 1171, 4 L.Ed.2d 1277 (1960). We considered and rejected virtually identical arguments in similar factual contexts in *United States v. Primrose,* 718 F.2d 1484, 1489–91 (10th Cir.1983), and *United States v. Gann,* 718 F.2d 1502, 1504 (10th Cir.1983). Under the authorities and analyses of those cases, we conclude that Lightle's arguments are meritless.

## II

■ Lightle argues that the trial court erred in denying his pretrial motion to transfer the case to another district because of excessive pretrial publicity concerning the county commissioner scandal. For support he cites *Sheppard v. Maxwell,* 384 U.S. 333, 86 S.Ct. 1507, 16 L.Ed.2d 600 (1966). We considered this identical contention in *United States v. Neal,* 718 F.2d 1505, 1510–11 (10th Cir.1983). Based on the authorities and analysis in that case and taking into account defendant's concession that there was little pretrial publicity directed at him personally, we conclude that the trial court did not abuse its discretion in denying defendant's motion for change of venue. *See United States v. Hueftle,* 687 F.2d 1305, 1310 (10th Cir.1982) (en banc).

## III

■ Lightle asserts that the trial court erred in failing to sustain his motion in limine with respect to: (1) a statement by Leon Hicks, a supplier, that defendant would not do business with him because Hicks would not pay large enough kickbacks, (2) evidence of sales and resulting kickbacks that were not included in the indictment, and (3) sales not set out in the indictment allegedly constituting Hobbs Act violations. In *Primrose* this Court rejected contentions similar to those in (2) and (3). 718 F.2d at 1491–92. The determination of whether the probative value of introducing other crimes, wrongs, or acts of the defendant under Fed.R.Evid. 404(b) outweighs the prejudice to the defendant is within the discretion of the trial judge. *United States v. Nolan,* 551 F.2d 266, 271 (10th Cir.), *cert. denied,* 434 U.S. 904, 98 S.Ct. 302, 54 L.Ed.2d 191 (1977). After reviewing the record, we hold that the challenged evidence was probative of a scheme to defraud and there was no abuse of discretion in the trial court's decision to admit the evidence.

## IV

■ The only contention Lightle makes that gives us pause is that the trial court erroneously admitted evidence concerning the activities of two other Kingfisher County commissioners, Walta and Rudd, both of whom had previously pleaded guilty to charges of receiving kickbacks. We agree with *United States v. DeCicco,* 435 F.2d 478 (2d Cir.1970), which defendant relies on, that acts of misconduct performed by one person cannot be used to imply the guilt of another who is not shown in any way to be involved in the misconduct of that other person. In *DeCicco* four defendants were convicted for conspiracy to transport stolen artwork in interstate commerce. During the presentation of its case, the prosecution was permitted to elicit testimony from a government informant that shortly before engaging in the conspiracy to transport stolen artwork two of the defendants were involved in a fencing operation to dispose of stolen art work. On appeal, the Second Circuit overturned the convictions, holding that the prejudice to the defendant from admission of this evidence of other crimes

outweighed its probative value regarding motive and intent.

Most of the evidence of Walta's and Rudd's illegal activities was introduced through government witness Hugh Thurman, who testified that his company paid kickbacks to 95% of the county commissioners with whom his company did business. After Thurman described the methods used to pay kickbacks, the prosecution asked Thurman a specific question about who received kickbacks in Kingfisher County. Thurman identified all three county commissioners by name. He also testified that all three commissioners received kickbacks on vouchers representing joint purchases that contained all three names. The witness stated, however, that he did not tell any one county commissioner that he was paying kickbacks to the others. The government contends that this testimony was proper to show the scope of the scheme to defraud and to explain the particular vouchers.

Thurman's testimony undoubtedly prejudiced Lightle, and in our view the government improperly questioned the witness about Walta and Rudd because they were not defendants and no conspiracy was alleged. However, defense counsel did not object to the improper questions. Thus, the court was given no opportunity to sustain an objection or to admonish the jury on the problem of guilt by association. In *DeCicco* the government witness who testified concerning the prior theft was crucial to the government's case. Here, in view of the plethora of government witnesses who gave damaging testimony and the overwhelming evidence of guilt in the record as a whole, the admission of evidence concerning Walta and Rudd in the government's case in chief was not plain error requiring reversal. *See United States v. Brewer,* 630 F.2d 795, 801 (10th Cir.1980).

The trial court also admitted evidence of the crimes of Walta and Rudd during cross-examination of defense witnesses by the government. In presenting his case, Lightle called as witnesses several individuals who had done business with him when he was a county commissioner. These vendors testified that Lightle had never asked them for a kickback and that they had never paid him one. On cross-examination the government sought to undermine this testimony by asking these witnesses whether they had done business with Walta and Rudd, whether they had ever paid them kickbacks, and whether they were aware that Walta and Rudd had pleaded guilty to taking kickbacks. We conclude that the trial court did not abuse its discretion by allowing the government to rebut the favorable inferences developed by Lightle during direct examination of his witnesses. *See* Fed.R.Evid. 401, 402, 403.

AFFIRMED.